UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

JEROME WINGFIELD,

      Plaintiff,

v.

KEVIN MORSE, KEVIN MULENICK, MICHAEL LICINIO, ROBERT HOLMES, DANIEL DOUGLAS, JEFFREY McAULIFFE, PETER WYDISH, THE CITY OF NIAGARA FALLS POLICE DEPARTMENT, and COUNTY OF NIAGARA,

      Defendants.

26-CV-6090-MAV
ORDER

───────────────────────────────

## INTRODUCTION

*Pro se* Plaintiff, Jerome Wingfield, is confined at the Five Points Correctional Facility and seeks to proceed *in forma pauperis* ("IFP") in this action brought pursuant to 42 U.S.C. § 1983. ECF No. 10. By Order dated January 30, 2026, the Court administratively closed Plaintiff's case because he did not pay the filing fee or submit an application to proceed IFP. ECF No. 7.

That Order specifically informed Plaintiff that to be complete, his IFP application must contain a completed and signed prison certification in which the requisite prison official sets forth information concerning Plaintiff's inmate trust fund account statement as mandated under 28 U.S.C. § 1915(a)(2). The Court gave Plaintiff 30 days to submit a complete IFP application, including the signed prison

certification, or pay the $405.00 total to commence the action. Plaintiff submitted an IFP application, but it does not include a signed certification. ECF No. 10. Plaintiff states that prison officials refused to sign the certification section. *Id.* at 7.

Plaintiff has been informed of the minimum steps he must take to submit a proper IFP application but has not complied with the Court's Order. As a matter of discretion, the Court will provide Plaintiff with an additional opportunity to fix this error. Plaintiff has until **April 17, 2026** to either (1) submit a signed certification or (2) pay the $405.00 in filing and administrative fees.

To the extent that Plaintiff is asserting that correctional officials have refused to complete and/or sign the prison certification, any such assertion must be supported by an affidavit detailing the circumstances of Plaintiff's request to prison officials to complete and sign the prison certification and the correctional officials' refusal to comply, including the dates of such events and the names of the individuals involved. *See Williams v. Mestas*, 355 F. App'x 222, 225 n.2 (10th Cir. 2009) (implying the need for "specific and supported allegations that [plaintiff] has asked prison officials to certify the trust fund account statement in accordance with §1915(a)(2), but they refuse to do so").

## CONCLUSION

The Court will grant Plaintiff an additional opportunity to submit a prison certification, and he has until **April 17, 2026** to (1) submit a signed prison certification, (2) an affidavit detailing the circumstances of his request to prison officials to complete and sign the prison certification, or (3) pay the $405.00 in filing

2

and administrative fees. To assist Plaintiff, the Clerk of Court shall send him a blank *in forma pauperis* application form that includes the prison certification. Upon Plaintiff's submission of either (1) the required signed certification or (2) $405.00, the Clerk of Court shall reopen this case.

    SO ORDERED.

Dated:    March 11, 2026
           Rochester, New York

                                      HON. MEREDITH A. VACCA
                                      United States District Judge